[Robinson v. Cowan.]

# Robinson *v.* Cowan.

*Damages for Setting Out Fire.*

(Decided Dec. 17, 1908.  47 South. 1018.)

1. *Negligence; Acts Constituting; Setting Out Fire; Proof Required.*—In an action for damages for fire set out by one for the purpose of burning debris on his own land, negligence must be averred and proven, and the mere proof of damages or destruction of property from the fire will not of itself authorize an inferenec of negligence, except where it is set out by locomotives and agencies of like power and utility.

2. *Same.*—Whether or not a land owner in setting out fire on his own land, which damages the land and property of another, is negligent, is usually a question of fact, depending on the surrounding circumstances; and a person is chargeable with notice of what is reasonably to be expected, but is not obliged to anticipate anything unusual, not reasonably to be expected. In this case the evidence is examined and held sufficient to sustain a finding that the landowner was guilty of negligence in setting out the fire.

3. *Appeal and Error; Review; Finding of Trial Court.*—Since the finding of the facts by the court without a jury is the equivalent of a verdict by the jury, in contemplation of law, such finding will not be disturbed unless the evidence is palpably insufficient to support it.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by M. A. Cowan against J. K. Robinson. Judgment for plaintiff, and defendant appeals. Affirmed.

HOOD & MURPHEE, for appellant. There can be no recovery in the absence of negligence and it certainly was not negligence to set fire to the logs on a calm morning. For a complete discussion of this question we call the court's attention to the case of.—*McNally v. Caldwell,* 30 Am. St. Rep. 503; *Sweeney v. Merrill,* 5 Am. St. Rep. 734; *Fahn v. Reichart,* 76 Am. Dec. 237; *Cathon v. Nichols,* 51 Am. Rep. 222.

CULLI & MARTIN, for appellee. The facts in this case show such negligence as entitles the plaintiff to recover

the damages arising therefrom.—13 A. & E. Ency of Law, 410; 4 Ia. 506; 1 Ia. 108; 52 Me. 256; 14 Minn. 153; 5 Jones, 78; 43 Cal. 437; 70 N. Y. 112; 87 Va. 466; 107 Mass. 494; 50 N. C. 78.

McCLELLAN, J.—The action is grounded on the asserted liability of Robinson for damages occasioned to the land and improvements thereon of Cowan by reason of the negligent setting out or negligent control of fire set out by Robinson, an adjoining proprietor to Cowan, on Robinson's land in the course of clearing "new ground." The trial was by the court without jury, and the only errors assigned are (1) the finding and conclusion upon the evidence and (2) in the rendition of the judgment for plaintiff.

The general rule, subject to an exception to be stated, is that mere proof of the damage or destruction of the property by fire does not of itself authorize an inference of negligence.—*L. & N. R. R. C. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66; 29 Cyc. 595, and note. The exception referred to affects locomotives, and possibly other agencies of like power and utility. *Reese's Case, supra.* The reason for the exception is given therein. So that in a case of this character the obligation is on the plaintiff to aver and prove to the requisite degree of satisfaction that the defndant, in the burning, as was his right, debris on his land, with a view to its clearing and cultivation, or in the precautions taken for the control of the fire so set, was negligent.—29 Cyc. pp. 460, 461, and notes; full note to *McNally v. Colwell* (Mich.) 30 Am. St. Rep. 503 et seq. As appears, and with evident reason, the numerous decisions in other jurisdictions touching the inquiry whether such negligence, to liability, infected the setting out of the fire or the precautions omitted or taken in respect of its con-

trol, is very generally a question of fact, embracing in serviceable elements leading to the conclusion of negligence vel non these factors, among others: The character of the substance, whether highly inflammable or not, to be burned; the existence, at the time of the setting of the fire, of a wind reasonably calculated to spread fire; the proximity of the substance desired to be burned to the property of another capable of destruction by fire; the size of the conflagration reasonably to be anticipated from the destruction, or its attempt, by fire, of the material desired to be burned; the inflammable character, if so, of adjacent property of another—the standard whereby negligence vel non, in such case to be determined, being indicated by this inquiry: "Did the person starting the fire use such care, caution, and diligence as a prudent and reasonable man would have exercised under the circumstances?" Authorities supra. From this it necessarily results that this duty of care, caution, and diligence, under all the circumstances surrounding the setting out of the fire, does not embrace the obligation to anticipate unusual wind springing up after the fire is started, or other factors intervening not reasonably suggested by the caution, care, and prudence stated.

In the light of these considerations, the inquiry, on this appeal, is one of fact, viz.: Was there such a palpable insufficiency of evidence of the negligence averred as warrants us in reversing the finding below, the legal equivalent of the verdict of a jury?—*L. & N. R. R. Co. v. Solomon,* 127 Ala. 189, 30 South. 491. Necessarily the judgment followed the finding. The testimony for the plaintiff, bearing immediately, or in reasonable inference, upon the issue of negligence vel non, was to this effect: That the clearing contained five or six acres, and the fired log heaps, some of them containing 2 or 3 cords of wood, next to plaintiff's land, from 5 to 14 steps,

a part of the alleged exposed distance, from the fence of the plaintiff, located about 6 feet within his line, the lands being timbered; that these heaps extended for about 150 yards along plaintiff's line; that these lands had not been burned over for 8 years prior to this fire; that the log heaps made "considerable big fires;" that the wind was blowing from the defendant's land, when fire was set out, towards the lands of plaintiff, from early in the morning up to the time the fire was communicated to plaintiff's property, which was about noon. The testimony for the defendant was to the effect that the fired log heaps were more than 100 feet from plaintiff's land; that precautionary measure were taken to prevent the communication of the fire to plaintiff's property; that a calm existed at the time the heaps were fired; and that the fire was driven to plaintiff's lands only by a "high wind" that sprung up after the fires were started.

Aside from any consideration of proper preparations, suggested by due care on the part of Robinson, to prevent the spread of the fire to plaintiff's property, we cannot affirm that the trial court was not justified in pronouncing, as upon the face of the testimony for the plaintiff, the firing of the log heaps, under the circumstances, negligent. According to the plaintiff's testimony, there was a wind blowing in the direction of his land when the fire was set, and also positive testimony showing such proximity of the heaps of that size as that the trial court might very reasonably have concluded to be dangerous, hazardous, to plaintiff's property. True, there was testimony to the effect that the material in the heaps was "green pine and other timbers," which were "chunked" up by the defendant or his help; but there can be no reasonable doubt, from the whole evidence, but that, whatever the material in the heaps, whether inflammable or

not, a large fire was created by the burning of those heaps. We cannot say that on the proof made the trial court was not well invited to the conclusion that the defendant was not properly careful and diligent, so as to avoid the imputation of negligence.

The judgment is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.