# Mobile & Ohio Railroad Co. *v.* Barber.

*Damage for Injury to Passenger.*

(Decided Nov. 14, 1911.   56 South. 858.)

1. *Carriers; Passengers; Injuries; Pleading and Proof.*—In a complaint alleging that plaintiff's injuries were caused by defendant's negligent conduct of its business while carrying her as a passenger, the charge of negligence is general, and proof of any actionable negligence of the defendant or any of its employes in such respect, is sufficient.

2. *Same; Evidence.*—The evidence in this case stated and examined and held sufficient to submit to the jury the question whether the man who assisted the passenger to alight was the conductor or the train auditor, and also sufficient to require a submission to the jury the question as to whether the passenger was jerked from the train, and whether she then received her injury.

3. *Damages; Personal Injury; Pleading and Proof.*—Where the complaint alleged that plaintiff's hip and body were injured, it is competent to show injury to either as a basis for recovery.

4. *Charge of Court; Weight of Evidence.*—A charge asserting that there was no evidence that defendant's train auditor helped plaintiff from the train, is one on the weight of evidence, and is an invasion of the province of the jury.

5. *New Trial; Grounds.*—The denial of a motion for new trial on the ground that the verdict was manifestly contrary to the evidence, or the preponderance of the evidence, will not be disturbed unless after indulging all reasonable presumptions in favor of the verdict, the court is clearly convinced that it is wrong and unjust.

[Mobile & Ohio Railroad Co. v. Barber.]

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Ethel Barber, pro ami, against the Mobile & Ohio Railroad Company, for injuries received while a passenger. Judgment for plaintiff for $500, and defendant appeals. Affirmed.

The following charges were refused to the defendant: (1) The general affirmative charge. (2) and (3) Affirmative charge as to first and second count. (4) "The court instructs the jury that there is no testimony in this case that the auditor of the defendant helped the plaintiff off the train." (5) "Unless the jury is reasonably satisfied from the evidence that the injury was caused by the conductor recklessly and carelessly jerking plaintiff off the car step, then you must find for the plaintiff." (6) "The burden is upon plaintiff in this case to reasonably satisfy the jury, from the evidence, that the plaintiff, the child, was injured by being jerked or pulled off the train by the defendant's conductor in a rough, rude, or insolent manner; and, if the preponderance of the credible evidence is against such fact, then the plaintiff cannot recover."

R. E. STEINER, and COLEMAN, DENT & WEIL, for appellant. Counsel discuss the errors assigned as to evidence, and given and refused charges, but without citation of authority. They insist that under the evidence in this case, the trial court should have granted their motion for a new trial because the verdict was so clearly opposed to the evidence, and they cite.—*Mary Lee C. & Ry. Co. v. Chambliss*, 97 Ala. 171; *Peoples S. B. & T. Co. v. Keith*, 136 Ala. 469; *Teague-Barnett & Co. v. Bass*, 131 Ala. 422.

HILL, HILL & WHITING, for appellee.  The allegations
were general, and hence, were supported by proof of
negligent conduct of the defendant or any of its em-
ployes, and was supported by evidence of injury either
to plantiff's body or hip.—*C. of Ga. Ry. Co. v. Brown*,
150 Ala. 327; *A. G. S. v. Hill*, 93 Ala. 514; 16 Enc. P.
& P. 381.  The most that can be said of the evidence
was that it required a submission of the question to the
jury, and this was settled by the jury's finding for the
plaintiff.—*Mouton v. L. & N.* 128 Ala. 539; *Holmes v.
B. & S. R. R. Co.* 140 Ala. 215; *Randall v. B. R. L. &
P. Co.* 158 Ala. 532; *C. of Ga. v. Ashley*, 160 Ala. 581.
The charge embraced in the 4th assignment of error
was a charge upon the weight of the evidence, and was
invasive of the province of the jury.  The court will
not be put in error for denying a new trial under the
evidence in this case.—*Cobb v. Malone*, 92 Ala. 632;
*White v. Blair*, 95 Ala. 147.


·  PELHAM, J.—The suit is against a railroad com-
pany for personal injuries to a passenger.  The two
counts of the complaint, upon which issue was joined
by general pleas, allege that plaintiff received injuries
to her hip, etc., as a proximate consequence of defend-
ant's negligent conduct of its business while carrying
her as a passenger.  No ruling of the court on the
pleadings or on the introduction of evidence is assigned
as error.  The only questions presented are the rulings
of the trial court in refusing to give certain written
charges requested by the defendant and in overruling
defendant's motion for a new trial.

The allegations in both counts of the complaint
charging negligence are in general terms.  The aver-
ments of injury are both general and specific—that in
the first count being, "Her hip was dislocated, her hip

was bruised and injured, her side and leg were bruised and injured, her back was bruised and injured, her body was bruised and injured, she was internally injured, she was permanently injured, she suffered and continues to suffer great mental anguish and physical pain," and "she was made sick and confined to her bed for a long time, to wit, 15 days"; and that in the second count being, "Plaintiff was thrown violently to the ground, her hip was greatly bruised and injured, her leg was greatly bruised and injured, her body was greatly bruised and injured, she was internally injured, she was permanently injured, she was made lame, she was made sick for a long time, to wit, 15 days," and "she suffered and continues to suffer great mental anguish and physical pain." No pleas of contributory negligence or other special pleas were filed—only the general issue, and the proof of any actionable negligence on the part of the defendant, or any employe would have been sufficient, under either count of the complaint, to entitle the plaintiff to recover, so far as the question of negligence is concerned. Under the general and specific allegations of injury, the plaintiff could show as a basis for recovery any injury to her hip or body, and also mental anguish and physical pain, and would not be required to prove all the injuries alleged in order to sustain a recovery. *Birmingham R., L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65.

Several witnesses for the plaintiff testified, in substance, that when the train upon which the plaintiff, a nine-year-old child, was a passenger reached Prattville, the conductor or someone who took up tickets and had on a cap and uniform and assisted passengers off the train caught hold of her when in the act of alight-

ing, and jerked her off the train, and "slung her around," and let her fall to the ground and sustain injuries. These acts were denied by the defendant's witnesses, and this conflict in the evidence raised a material question as to the negligence of the defendant's conductor or other employe, under both counts of the complaint as framed, which required a submission of that question to the jury. *C. of G. Ry. Co. v. Ashley,* 160 Ala. 580, 49 South. 388; *Randle v. Birmingham R., L. & P. Co.,* 158 Ala. 532, 48 South. 114, and authorities there cited.

There was ample testimony on behalf of the plaintiff to submit also the question of injury, as generally and specially averred in both counts of the complaint, to the jury. The physician who first attended the plain· tiff, a short time after the alleged injury, testified that her hip was dislocated. The father of the child, the witnesses Mamie Barber, Murney Barber, and Oliver Dennis, and the plaintiff, all testify directly and positively to the injuries having been received by plaintiff on the occasion alleged. The contradictory expert evidence of other doctors, introduced by the defendant, who afterwards examined the child, as to the extent of the injuries, and the testimony of the defendant's conductor and others, denying that plaintiff was injured when being helped off the car, and the testimony of other witnesses tending to show an injury received by plaintiff earlier in the day at the picnic grounds, and of her complaining and limping before the occasion when she alleges she was injured by being jerked or pulled from the train, makes no more, at most, than a serious contradiction on the material question of injury as laid in the complaint, which could only be settled by a submission of the question to the jury. The evidence

was in conflict, and it became a question for the jury to determine. *K. C., M. & B. Ry. Co. v. Matthews,* 142 Ala. 298, 39 South. 207; *Way v. State,* 155 Ala. 52, 46 South. 273.

While the witnesses generally, in testifying, called the person who is spoken of as having jerked the plaintiff from the car "conductor," when narrating the event, one of the plaintiff's witnesses (Mrs. Barber) testified that the man who pulled or jerked the plaintiff from the car was young, clean-shaven, dressed in a railroad uniform, and wore a cap, and that she had seen the same man previously on the same day taking up tickets on the train. The testimony of other witnesses showed that the conductor on the train was stout, appeared to be about 55 years of age, and wore a mustache, and that on the day in question the auditor was assisting the conductor in taking up tickets and handling the train, and that he wore a railroad uniform and cap and was apparently of the same general appearance as the man described by Mrs. Barber as the person whom she saw jerk or pull the plaintiff from the car at the time she received the alleged injuries. Under this evidence, there was no error in the court's refusing to give the written charge made the ground of the fourth assignment of error. The charge is not numbered as set out in the record, as it should be so as to be properly identified and referred to. It cannot be deemed a clear statement of a legal principle, such as would put the court in error for refusing it, and is not free from the vice of being an instruction on the weight of the evidence and an invasion of the province of the jury. What the testimony was, and what it proved, and its weight and sufficiency, are questions, not for the court, but for the jury. *C. of G. Ry. Co. v. D. M. Co.,* 159 Ala. 225, 49 South. 43.

The evidence was in conflict as to there being an injury for which the defendant was responsible, and the extent of the injury and who occasioned it were all matters, under the issues made and the evidence, for the jury to pass upon, and the court was not in error in refusing any of the written charges requested by the defendant; nor can we say, after a careful examination of all the evidence as set out in the bill of exceptions, that the verdict is excessive, or that the verdict is so manifestly against the preponderance of the evidence as to clearly convince the court that it is wrong and unjust, and that the action of the trial court was erroneous in refusing appellant's motion for a new trial. Only when, after allowing all reasonable presumptions in favor of the verdict's correctness, the court is clearly convinced that it is wrong and unjust, is the court of review authorized to put the trial court in error for refusing a motion for a new trial based upon such grounds. *Cobb v. Malone & Collins*, 92 Ala. 630, 9 South. 738; *Birmingham Ry. & E. Co. v. Mason*, 144 Ala. 387, 39 South. 590, and authorities cited in the opinion of that case.

As we have said, the trial court committed no error in refusing the charges requested by the defendant, nor was there error in overruling the motion for a new trial. The assignments of error are without merit, and the case must be affirmed.

Affirmed.