[Hall v. Clayton.]

# Hall *v.* Clayton.

### *Assault and Battery.*

(Decided May 16, 1912.  59 South. 235.)

1. *New Trial; On Evidence.*—A judgment denying a motion for new trial will not be disturbed, when based on the grounds that the evidence did not justify the verdict, unless the appellate court is convinced that the preponderance of the evidence against the verdict is so decided as to demonstrate that the verdict is wrong and unjust.

2. *Assault and Battery; Civil Action; Evidence.*—The evidence examined and held to support the verdict, or that the preponderance against the verdict was not such as to authorize the verdict to be disturbed.

APPEAL from Birmingham City Court.

Heard before Hon. J. T. STOKELEY.

Action by Dave Clayton against Ed Hall, for damages for assault and battery. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. A careful review of the record will disclose that the preponderance of the evidence against the verdict is so decided as to authorize this court to reverse the action of the trial court in refusing a motion for new trial for that reason.—*Shepherd v. Dowling*, 103 Ala. 563; *Birmingham Nat. Bank v. Bradley*, 116 Ala. 142; *White v. Blair*, 95 Ala. 147; *Cobb v. Malone*, 92 Ala. 630.

FRANK S. WHITE & SONS, for appellee. The weight of the testimony does not necessarily depend upon the number of witnesses, and unless the appellate court is convinced that the findings of the jury is against the great preponderance of the evidence they will not interfere with the verdict.—*Newton L. & B. Co. v. Reeves*, 56 South. 255; *M. & O. v. Barbour*, 56 South. 858; *B.*

*R. L. & P. Co. v. Mason,* 144 Ala. 384; *Cobb v. Malone,* 92 Ala. 630.

PELHAM, J.—This action was brought by the appellee claiming damages of the appellant for an assault and battery, and the jury before whom the case was tried returned a verdict against the appellant assessing the damages at $100. Motion to set aside the verdict and grant a new trial on the ground that the verdict was contrary to the weight or preponderance of the evidence was overruled, and the only error assigned here is the order of the court in overruling appellant's motion.

We have read the evidence and find it to be in direct conflict, and, while a preponderance of the evidence as set out in the bill of exceptions seems to be in favor of the appellant, the trial court and jury had advantages in passing on the weight of the testimony and credibility of the witness that we cannot have, and there is sufficient evidence, if believed, and the verdict rendered is persuasive of that conclusion, to support the verdict rendered. The credibility to be given the evidence is for the court or jury trying the case.—*Kelly v. City of Anniston,* 154 Ala. 631, 51 South. 415.

Since the rule that has been so often and uniformly followed was laid down in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, it has been settled in this state that the appellate courts will not disturb the order of a trial judge denying a motion to set aside the findings of a jury on the evidence unless convinced that the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that the verdict is wrong or unjust.—*Newton Loan & Bank Co., v Reeves,* 2 Ala. App.. 441, 56 South. 255; *Mobile & Ohio*

[Hall v. Clayton.]

*R. R. Co v. Barber,* 2 Ala. App. 507, 56 South. 858; *Milner v. State,* 150 Ala. 95, 43 South. 194; *Minchener v. Robinson,* 169 Ala. 472, 53 South. 749; *Birmingham Ry., L. & P. Co. v. Mason,* 144 Ala. 387, 39 South. 590, 6 Ann. Cas. 929; *Ala. Gt. So. R. R. Co. v. Hamilton,* 135 Ala. 343, 33 South. 157; *City of Ensley v. Smith,* 165 Ala. 387, 51 South. 343.

It is true that, so far as positive, direct evidence of the assault is concerned, the plaintiff's case is supported alone by his own testimony, while the defendant's denial is corroborated by three of his employes. Yet the doctor's testimony describing the wounds and bruises he found upon the plaintiff's person, and the statement that they had the appearance of having been made by a blow with a stick or some other weapon of that kind, had a tendency, no doubt, in the minds of the jury to substantiate the plaintiff's testimony. The weight of the evidence does not necessarily depend upon the number of witnesses (*Ala. Gt. So. Ry. Co. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *Newton L. & B. Co. v. Reeves,* 2 Ala. App. 411, 56 South. 255), and we cannot say, under the established rule governing in the consideration of this question, that error should be imputed to the trial court in overruling the motion, and an affirmance must follow.

Affirmed.