# *Ex Parte* Shoaf.

## *Assumpsit.*

(Decided February 3, 1914.  64 South. 615.)

1. *Courts; Review of Decision; Questions of Fact.*—The Supreme Court exercises supervisory powers over the decisions of the Court of Appeals only as to questions of law, and will not disturb its findings of fact; hence, where a question involved was one of mixed law and fact, and the Court of Appeals correctly applied the law to its findings on the facts, its judgment will not be disturbed.

2. *Same.*—Where from the same state of facts two opposite but entirely rational conclusions may be drawn by different minds, the conclusion drawn therefrom by the Court of Appeals is conclusive on the Supreme Court.

3. *Evidence; Facts or Conclusions.*—The ownership of personal property is a fact to which a witness may testify.

4. *Appeal and Error; Assignments; Waiver.*—Where appellant's counsel did not sign the assignments of error, and the case was submitted without objection, the Court of Appeals had a right to disregard the irregularity and treat it as waived by appellee.

CERTIORARI to Court of Appeals.

Ella Shoaf seeks by certiorari to review the judgment of the Court of Appeals reversing and remanding the judgment of the nisi prius court in the case of *Hagin*

*v. Shoaf,* 9 Ala. App. 300, 63 South. 764.   Certiorari denied.

GEORGE D. MOTLEY, for appellant.  Ownership of personal property is a fact to which a witness may testify. —*Rasco v. Jefferson,* 142 Ala. 705.   The husband having deposited the money in the wife's name, the same constituted a gift to the wife, and having paid the notes for which defendant was responsible, she could recover on same.—*Anniston N. Bank v. Howell,* 116 Ala. 275; *First N. Bank v. Taylor,* 142 Ala. 456; *Sayre v. Weil,* 94 Ala. 466.   The assignments of error were not signed by counsel, and the Court of Appeals should have dismissed the appeal.—2 Cyc. 985.  .

ROPER & STEPHENS, for appellee.   The certiorari should be denied on the authority of *Hagin v. Shoaf,* 9 Ala. Ap: 300; *Winn v. Tallapoosa County Bank,* 168 Ala. 469.

DE GRAFFENRIED, J.—It is unnecessary for this court to reaffirm, in this case, its declaration, made repeatedly, that it will not revise the action of the Court of Appeals in its findings of fact.  The supervisory powers of this court over the Court of Appeals are exercised only on questions of law, and none of its judgments, in cases in which it possesses jurisdiction, will be disturbed, unles this court is of the opinion that the court has committed an error of law.   Sometimes there is a case of mixed law and fact—a case in which a conclusion of fact drawn from admitted evidence must determine the law—and in such a case, where the law is correctly applied by the Court of Appeals to its conclusion of fact, then its judgment in such a case will not be disturbed It not infrequently occurs that two opposite yet entirely rational conclusions may be drawn, by different

minds, from the same state of facts, and in all such cases this court will abide by the conclusions which are drawn by the Court of Appeals from the facts.

1. In the instant case the Court of Appeals came to the conclusion, as a matter of fact, that the deposit of the money by Shoaf in the bank in his wife's name did not vest the title to the money in the wife, but that the money remained the money of Shoaf. Where money is deposited in a bank by one person in the name of *another* person, the question as to whether the money so deposited becomes, upon the deposit, the property of the person in whose name it is deposited, is a question of fact open to inquiry.—*Sayre v. Weil,* 94 Ala. 466, 10 South. 546, 15 L. R. A. 544. In the instant case the Court of Appeals has found from the evidence contained in the bill of exceptions, as matter of fact, that the mere deposit of the money by Shoaf in a bank to his wife's credit was not a gift to the wife, and that the money so deposited still remained the property of Shoaf. The conclusion of the Court of Appeals on this question of fact is binding upon this court and will not be disturbed.

2. This court has frequently held that ownership of personal property is a fact to which a witness may testify.—*Rasco v. Jefferson,* 142 Ala. 705, 38 South. 246. In the instant case Shoaf testified, in substance, that the money was his wife's money, but his testimony did not preclude the Court of Appeals, in weighing the testimony set out in the bill of exceptions, from finding that, in fact, the money did not belong to the wife, but that it belonged to Shoaf. The Court of Appeals found, as a matter of fact, that the money belonged to Shoaf and not to the wife. This conclusion of the Court of Appeals, is a conclusion, not of law, but of fact, and under the above-stated rule it will not be disturbed by this court.

3. The Court of Appeals, upon the facts presented by the record, reversed and rendered judgment in this case. In doing so the Court of Appeals used the following language: "The facts in evidence before the court did not support the judgment, and, allowing all reasonable presumptions in favor of the finding of the court on the evidence, under the prevailing rule of law obtaining with respect to such a finding (*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Robinson v. Cowan,* 158 Ala. 603, 47 South. 1018), the preponderance of the evidence, if not the uncontradicted evidence, against the finding of the trial court, is such as to convince this court that it was wrong and unjust, and that appellee was entitled to a finding and judgment in his favor on his plea of payment." The quoted excerpt, in so far as it deals with the law, is certainly expressive of the law as it has been uniformly declared by this court; and, in so far as it deals with the facts, will not be reviewed by this court. The Court of Appeals simply found, in this case, that the facts and the inferences deducible therefrom were palpably insufficient to support the judgment of the trial court, and, this being the finding of that court, it was the duty of that court, under the law, to reverse the judgment of the trial court.—*Robinson v. Cowan,* 158 Ala. 603, 47 South. 1018.

4. The case was submitted to the Court of Appeals upon an imperfect assignment of errors upon the record. It seems that the assignment of errors was not signed by counsel for appellant. The case was, however, submitted without objection on the part of any of the parties. This irregularity the Court of Appeals had a right to disregard and treat as having been waived by the appellee.—*Wynn, Adm'r, v. Tallapoosa County Bank,* 168 Ala. 469, 53 South. 228.

We find no reason why, under the rules declared by this court, the judgment of the Court of Appeals in this

case should be disturbed. The writ of certiorari is therefore denied.

Certiorari denied. All the Justices concur.