[Gambill v. Fox Typewriter Company.]

# Gambill *v.* Fox Typewriter Company.

## *Trover and Assumpsit.*

(Decided November 7, 1914. 66 South. 655.)

1. *Pleading; Amendment; Joinder of Actions ex Delicto and ex Contractu.*—Under sections 5329, 5367, Code 1907, a complaint containing a count in trover may be amended by adding the common count, and a count for the breach of a bond, if the subject matter of the new counts arises out of the same subject matter as the count in trover.

2. *Fraud; Statute of; Debt of Another.*—The statute of frauds forbidding a special promise to answer for the debt, default or miscarriage of another, unless in writing, has reference to contracts only, and not to mere negotiations preceding the contract.

3. *Guaranty; Construction; "Surety."*—If the substance and effect of the instrument forbid any other interpretation, the contract will be construed as a guaranty, notwithstanding the word "surety" is used throughout the contract.

4. *Same; Alteration of Contract; Discharge of Guarantor.*—Where a contract for the exclusive sale of typewriter in a named territory, requires the buyer to give a bond guaranteeing performance of the contract, and also contemplates that the seller must sign the contract before it becomes a completed obligation, the fact that the seller, after the execution of the bond, required a new bond, which was agreed to by the buyer before the seller signed the contract, did not discharge the guarantor, the guarantee not having mentioned the particular contract secured.

5. *Same.*—In an action on the guaranty for the performance of a contract, the defense that the guarantor was released by failure to advise him of the non-performance of the contract, must be raised by special plea, and is not available unless so raised.

6. *Same; Acceptance.*—The evidence considered and held to show notice of the acceptance of the guaranty.

7. *Evidence; Best; Negotiation for Contracts.*—Where a contract for the sale of typewriters contemplated that the seller sign to make a complete obligation, but contained no stipulation as to the time of the signing, an objection to the testimony of the seller as to when the contract became binding, based on the fact that the contract was the best evidence, was not well taken, although there was a date at the top of the contract when it was signed by the seller.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by the Fox Typewriter Company against A. A. Gambill, commenced in trover, to which is added by amendment, the common counts, and a count for breach of a contract of guaranty. Judgment for plaintiff and defendant appeals. Affirmed.

C. B. POWELL, for appellant.

THOMPSON & THOMPSON, for appellee.

McCLELLAN, J.—The original complaint, which was filed April 7, 1910, contained one count; and that was in trover. On June 23, 1913, plaintiff (appellee) prayed to be allowed to amend his complaint by the addition of counts 2 to 9, inclusive.

"The defendant [appellant] objected to the allowance of the amendment on the ground that the amendment set up cause of action that was a departure from the cause of action set up in the original complaint, and on the further ground that the said counts showed on their face that the matters complained of did not arise out of the same transaction or relate the same subject-matter and set up an entirely new cause of action in each count."

Like objection was made to the allowance of the amendment introducing count 10. The court overruled the objections, whereupon exceptions were reserved.

Counts 2 to 5 and 9 of the amendment were the common counts. Aside from the dates appearing in these counts, there is nothing in any of them to indicate that a different subject-matter of a litigable character, between the same parties to the original count, was the basis of the claim asserted in the original count in trover. Actions ex delicto and actions ex contractu, "arising out of the same transaction, or relating to the

same subject-matter," may be joined.—Code, § 5329. It is provided in Code, § 5397, that the court "must permit the amendment of the complaint * * * by * * * adding new counts or statements of the cause of action, which could have been included in the original complaint, * * * and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and, where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury." Count 6 declares as upon an account stated and essumes to set forth an extended array of facts giving rise to the claim of liability as for an account stated. Count 7 is laid in the breach of a bond alleged to have been executed by the defendant, appellant. Count 8, as originally filed and as first amended, is not set out in the record. The last amendment, by way of additional averment, of count 8 appears in the record; but it is not possible to know from this record what the particular allegations of the whole of count 8 were after the last amendment thereof. Count 10 is the same as count 7, with the addition of an allegation not necessary to be stated at this time.

Under the statutes quoted, it is manifest that the court's action in allowing the amendment and in overruling the objections quoted from the bill of exceptions cannot be held for error. The basis of the several claims, asserted in the added counts, and in the original count in trover, was the same transaction—involved the same subject-matter. Inconsistency of claims for liability, asserted in distinct counts, is not,

under out statutes, the test either of the right to amend by interposing additional counts or of the right to effect joinder in one action in distinct counts. If the cause of action asserted in distinct counts is related in transaction or subject-matter as the quoted statutes provide, no error can be predicated of the allowance of amendments or of overruling demurrer for misjoinder. The cause was tried by the court without jury.

Under the contract and bond set out in the record, Gambill's relation was that of a guarantor, not of surety, as appellant contends.—*Watkins Medicine Co. v. Lovelady*, 186 Ala. 414, 65 South. 52. Notwithstanding the employment of the term "surety," the substance and effect of the instruments forbid any other interpretation.

D. H. Brown and appellee entered into a contract whereby Brown was to sell and to have the exclusive right to sell, typewriters, etc., sold him by the appellee, in certain parts of Alabama. A written contract was signed in Birmingham by D. H. Brown on December 13, 1907, which was forwarded to appellee at its place of business in the state of Michigan. It is manifest that the perfection of an engagement between the parties contemplated the execution of the instrument by the appellee. In the instrument thus signed by Brown it was provided that Brown should make a bond to appellee, assuring the performance of the contract by Brown. A. A. Gambill, appellant (defendant), signed a bond, and it was forwarded to the appellee; but in a few days the appellee advised Brown that they preferred a bond in the form used by them in their general business, whereupon Gambill, Brown, and Parker, executed the bond desired, and it was forwarded to the appellee in Michigan. On December 26, 1907, the appellee wired

Brown that the instrument signed by him on December 13, 1907, would have to be modified by excluding therefrom the counties Madison, Jackson, and DeKalb. Brown replied that the elimination of these counties was agreeable to him. The bond (second) executed by Gambill, of date December 22, 1907, was then in the hands of the appellee.

It is insisted for Gambill that the alteration effected by the elimination of the three counties named discharged him from responsibility under the bond of date December 22, 1907. The terms of this bond referred it to the contract between Brown and the appellee, not to the instrument as it was when signed by Brown on December 13, 1907. If the contract had become a binding obligation upon the principals, and thereupon the basis and extent of the assurance given by the bond of date December 22, 1907, and the terms of the contract had been thereafter changed by appellee, even with Brown's consent, Gambill, as guarantor, would have been discharged from his obligation under the bond.— *Anderson v. Bellenger,* 87 Ala. 334, 6 South. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46; *Ala. Fidelity Co. v. Ala. Fuel Co.,* 190 Ala. 67 South. 318. It was contended by appellee that the contract's execution was not perfected by the signature of the appellee until December 27, 1907 (the day succeeding the sending and receipt by Brown of the message wherein the elimination of the three counties was suggested), and the change was agreed to by Brown; and that Gambill was advised of the proposed change by Brown and assented thereto before the consummation of the contract on December 27, 1907, and consented to the preparation and transmission of Brown's telegram agreeing to the change. These contentions of the respective parties raised an

issue of fact upon which the evidence was in immediate conflict. In the main, the evidence on this issue was presented ore tenus. If the contract was not made (perfected) until after Brown, Gambill, and the appellee had assented to the elimination of the three counties named, then there could be no question of the statute of frauds as upon the notion that, to be obligatory, a special promise to answer for the debt, default, or miscarriage of another must be in writing, etc. That statute concerns contracts, not mere negotiations preceding contracts. It is further contended for appellant that Gambill was not bound for that no notice of the acceptance of his guaranty was given him by appellee. There was evidence to the effect that Gambill was advised of the receipt of his (second) bond; that the elements of contract were acceptable to appellee with the change before noted; and that, with knowledge thereof, Gambill at least assisted Brown in preparing the telegram, unmistakably evincing a clear understanding that the contract and the bond were to be approved and accepted, and that thereupon the obligations of the several parties should rest upon them, respectively.

It is plain from the record that there was evidence to support and to justify the conclusion and judgment establishing liability of the guarantor, the items of which the evidence disclosed in detail.

There was no special plea interposed by the defendant, as was the case in *Ala. Fidelity Co. v. Ala. Fuel Co.*, 190 Ala., 67 South. 318, presenting the defense, against the guarantor's liability, that the plaintiff had discharged the defendant, guarantor, by failure or omission to reasonably advise the defendant, guarantor, of the dereliction of Brown in performing the contract, the performance of which by Brown the defendant had un-

[Gambill v. Fox Typewriter Company.]

dertaken by the bond to assure. Hence the subject of the inquiry mentioned in the question quoted in the fourth assignment of error was immaterial. There was no error in sustaining objection to the question.

The witness was allowed to testify that the contract was not in force and effect until approved by him. Objection was made to the question inviting this testimony, and also motion to exclude the answer was seasonably made. The single ground of both objection and motion was that the "contract was the best evidence" of the matter sought to be elicited. Without affirming the admissibility of the testimony elicited under the issues on the trial, it is clear to us that the ground of the objection and of the motion was unsound. The contract itself was not the best evidence of when it became a contract—the dominant issue of fact contested on the trial. The contract did not contain any specific provision as to when it should be or was binding. On its face it appears, quite satisfactorily, that the contemplation was that both Brown and the company should sign the paper. The date at the head of the instrument did not conclude the inquiry, when it was signed by the company, and thereupon became the sole memorial, with the bond, of the engagements binding these parties. If the objection's ground had been that a pure conclusion of law was invited by the question or introduced by the answer, a very different subject of review would have been presented.

Whether the conclusion, on the evidence, attained by the trial court was correct depends upon the credence given the testimony of the witnesses bearing on the controlling issues of fact. The trial court heard and saw the witnesses. We are not convinced that the

conclusion reached and made effective below is not in accord with the preponderance of the evidence.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur.