159 So. 90

## STRAMLER v. HOLMAN.
### 6 Div. 563.

Supreme Court of Alabama.
Jan. 24, 1935.

J. B. Aird, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BOULDIN, Justice.

The appeal is from the ruling and judgment granting a new trial on motion of appellee, plaintiff in the court below.

The motion, among other grounds, challenged the verdict of the jury because opposed to the great weight of the evidence. We are of opinion the judgment sustaining the motion in general terms may well be sustained on this ground.

The issues were duly presented under a count for money had and received.

Cap Stramler and Plumer Stramler, colored people, were husband and wife. In 1922 Cap purchased two lots in Park Place, in Jefferson county, paying $300 for the unimproved property. The deed was taken to Cap Stramler and Plumer Stramler. Later Cap erected improvements thereon, costing some $1,500. He paid for the lots and improvements.

In 1926 the property was sold and conveyed by joint deed for $3,000 "to the undersigned grantors, Cap Stramler and Plumer Stramler, in hand paid." Two hundred dollars was paid to real estate agents.

On the day following the execution of the deed, Cap Stramler deposited the $2,800 in Birmingham Trust & Savings Company, $1,400 to his own savings account, and $1,400 to a new savings account in the name of "Cap Stramler, agent for Plumer Stramler." Six

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

months later Cap drew a check on this latter account for $1,100, payable to "Cashier's Check" signed "Cap Stramler, Agt. Plumer Stramler." On the next day $965.19 was invested in the purchase of a mortgage on lands, which was on that date assigned to Plumer Stramler by written assignment, which was duly recorded. On October 31, 1927, the record of this mortgage was indorsed paid and satisfied in full. Signed "Plumer Stramler, owner and transferee"; and on the same date a deposit of $819.66 was made and credited to the savings account in the name of "Cap Stramler, agent of Plumer Stramler." February 2, 1927, a further sum of $50 was deposited to the same account. April 4, 1929, a further check of $250 was drawn on this account, signed "Cap Stramler, Agent," payable to cash. Cap's evidence tends to show this was also to make a loan.

Thus the account stood until the death of Plumer Stramler, September 1, 1929, the balance in bank, with accrued interest, being $1,023.94.

On September 3, 1929, just after her death, Cap drew a check for $300, admittedly to meet the funeral expenses of his deceased wife, and on the same day drew a check for the balance of $723.94, and transferred same to his individual savings account. Both these checks were signed, "Cap Stramler, Agent."

■ When the husband purchases real estate, taking title, in whole or in part, to his wife, the presumption is a gift was intended. The presumption that he who invests his money in lands intends to become the beneficial owner (the doctrine back of resulting trusts) does not obtain by reason of the relation between husband and wife. McNaron v. McNaron, 210 Ala. 687, 99 So. 116.

Improvements put upon the property so held would, as of course, become part of the realty, subject to the same rule.

■ While the mere deposit by the husband of his funds in a bank in the name of his wife is not conclusive (Ex parte Shoaf, 186 Ala. 396, 64 So. 615), the fact that Cap divided the proceeds of the land, half and half, putting one portion on his own account, and the other in his wife's name, followed by loans out of said fund payable to the wife, all shown by documentary evidence, becomes so persuasive as not to be overcome by general statements of Cap, as a witness, to the effect that it was his money, never gave it to his wife, etc. While it appears as a banking rule it was necessary for the passbook to be presented with a check signed as indicated, and

by the person whose original signature was furnished the bank for identification, this does not change the fact that such acts, on their face, were as "agent" for the wife. Her death revoked such agency. The ruling of the court, therefore, setting aside a verdict for the husband, is not to be reversed on the ground that the evidence plainly and palpably supported the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

We would not be understood as holding the husband liable for any further sum than that in the bank at the time of the wife's death.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.