173 So. 377

## STRAMLER v. HOLMAN.

### 6 Div. 998.

Supreme Court of Alabama.

March 25, 1937.

William Vaughan and C. R. Holliman, both of Birmingham, for appellant.

Harsh, Harsh & Hare and Nicholas S. Hare, all of Birmingham, for appellee.

BROWN, Justice.

The opinion of the court on the first appeal—Stramler v. Holman, 229 Ala. 636, 159 So. 90—embodies a statement of the facts as related to the original complaint consisting of the common counts, on account, and for money had and received, and special count three for money had and received.

 Count four added by amendment on the last trial, whether it be construed as in trover or for money had and received, on its face, it related to the same transaction as count three, and similar in legal effect, but more elaborate in stating the facts. Code 1923, § 9467; Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655. Therefore, the appellant's insistence that the last amendment by the plaintiff—striking all the counts of the original complaint—worked an entire change of the cause of action is without merit. Code 1923, § 9513.

The demurrers, both the original and additional grounds, were properly overruled. Barnett v. Warren & Co., 82 Ala. 557, 2 So. 457; Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363; A. Paul Goodall Real Estate & Ins. Co. v. North

Birmingham American Bank, 225 Ala. 507, 144 So. 7.

The affirmative charge, requested in different forms, was well refused. Stramler v. Holman, supra.

Special charges requested by the defendant and refused by the court, were either abstract, invasive of the province of the jury, or did not correctly state the law as to the burden of proof.

The husband, whose wife dies intestate, leaving a separate estate, as to the personal property, takes one-half under the provisions of section 7376 of the Code 1923, as a distributee, subject to the right of the administratrix to recover it and apply it to the payment of debts. Watson v. Hamilton, 210 Ala. 577, 98 So. 784.

Therefore, if it be assumed that the fact that there were no debts against the estate was available as a defense in this action, the burden was on the defendant to show this, and, in the absence of evidence on this point, charge 33 requested by the defendant was refused without error.

We have examined the other questions argued, and find no reversible error in the court's ruling in respect to them.

Affirmed.

ANDERSON, C. J., and THOMAS, and KNIGHT, JJ., concur.