55 So.2d 218

# CENTRAL OF GEORGIA RY. CO. v. GRIFFIN et al.

## 4 Div. 200.

Court of Appeals of Alabama.

Nov. 20, 1951.

J. H. Wilkerson, Troy, and Steiner, Crum & Baker, Montgomery, for appellant.

Jas. G. Clower, Troy, for appellees.

HARWOOD, Judge.

This is an appeal from a verdict and judgment in favor of the plaintiff below in a suit claiming damages of the defendant railroad for negligently causing or allowing certain fences, trees, etc. of the plaintiff to be damaged or destroyed by means of a fire, "communicated from or by means of setting fire to and burning the right of way of railroad adjoining the land of the plaintiff."

The defendant timely filed a motion for a new trial which was overruled by the court.

The evidence presented by the plaintiff tended to show that on the morning of 17 February 1949 a section foreman of the defendant, with a crew of several men set out a fire on the defendant's right of way on the west side of the tracks for the purpose of burning broom sedge, bushes, etc., that had accumulated on the right of way. The plaintiff's property adjoined defendant's right of way on the east side of the right of way in the general area where the fire was set out.

At 2:00 p. m. fire or fires were burning briskly on plaintiff's property, or on the property adjacent to plaintiff's property. Norton Griffin, one of the plaintiffs, testified that when he arrived on the scene of the fire in the afternoon that: "We fought it for awhile, and the wind was awful high and it got to jumping forty or fifty feet * * * it was out of control."

J. M. Green testified that the day of the fire was: "A very windy day. The wind was high," and was coming from the northwest or west. He further testified that the season was a dry one.

It is to be noted that a wind coming from the northwest or west would be in a general direction towards plaintiff's land from the railroad.

Mr. Sam Lindsey, a State Forest Ranger, who visited the scene of the fire and helped suppress it, testified that the day was windy.

For the defense Mr. J. B. Parker, the section foreman, testified that on the day in question he began burning a strip on the right of way at about 9:00 o'clock. A strip about 50 feet wide and about a half mile long was burned. Mr Parker testified that he only burned the right of way when a wind is blowing toward the tracks, and that a slight breeze was blowing on the day in question. About 100 to 150 feet was burned at one time, and then the crew would "come along with shovels or brush and put it out," and that one man, a "safety man," would follow along and put out any fire he might find.

The trash he was burning along the right of way had very few logs in it, a little broom sedge and a few dead bushes.

On cross examination Mr. Parker testified as to the wind that it was "a slight breeze. It came in gusts kind of often."

The errors assigned by the appellant raise only two points, i. e., the refusal of the court to give defendant's requested affirmative charge with hypothesis, and the court's action in overruling appellant's motion for a new trial.

We have therefore set out only that part of the evidence necessary to a review of these two points.

It is the appellant's contention that the court erred both in refusing its request for the affirmative charge and in denying its motion for a new trial because there was no evidence tending to show that the fire on the plaintiff's land originated from any fire made by appellant's servants, and further, that if the fire did so originate there was no evidence tending to show negligence on the part of appellant's employees.

It being undisputed that appellant's servants did start a fire on its right

of way on the day in question, whether their acts constituted negligence must depend upon the developed facts.

The rule is stated in Robinson v. Cowan, 158 Ala. 603, 47 So. 1018, as follows: "As appears, and with evident reason, the numerous decisions in other jurisdictions touching the inquiry whether such negligence, to liability, infected the setting out of the fire or the precautions omitted or taken in respect of its control, is very generally a question of fact, embracing in serviceable elements leading to the conclusion of negligence vel non these factors, among others: The character of the substance, whether highly inflammable or not, to be burned; the existence, at the time of the setting of the fire, of a wind reasonably calculated to spread fire; the proximity of the substance desired to be burned to the property of another capable of destruction by fire; the size of the conflagration reasonably to be anticipated from the destruction, or its attempt, by fire, of the material desired to be burned; the inflammable character, if so, of adjacent property of another—the standard whereby negligence vel non, in such case to be determined, being indicated by this inquiry: 'Did the person starting the fire use such care, caution, and diligence as a prudent and reasonable man would have exercised under the circumstances?' "

■ Under the tendencies of the evidence introduced by the plaintiff to the effect that the fire was set by appellant's servants on a very windy day, during a dry season, with the wind blowing in the general direction of appellee's property, it is our opinion that the jury was warranted in finding that the acts of appellant's servants in setting the fire were tainted with negligence. Furthermore, in view of the testimony of appellant's foreman Parker that the debris burned consisted of broom sedge, dead bushes, and a few logs, and that such fire was extinguished only by beating it with brushes or shovels, would justify the jury in concluding that appellant's servants were also guilty of negligence in retaining the fire once started. Some two hours were spent in setting the fire, burning the debris, and extinguishing the fire, along a stretch

of right of way one half mile long. We think it well within the realm of common knowledge that live embers might well have been left smouldering in the ashes, even though the flames be extinguished by beating the burning material with brushes and shovels. Under the climatic conditions shown by the appellee's evidence the jury was, in our opinion, justified in finding negligence also in the retention or extinguishment of the fire. The presence of negligence in the precautions omitted or taken in respect to controlling a fire is very generally a question of fact for the jury. Robinson v. Cowan, supra; Edwards v. Massingill, 3 Ala.App. 406, 57 So. 400.

■ We do not agree with appellant's contention that if negligence was shown on appellant's part, that such negligence was not reasonably shown to be the proximate cause of appellee's damage.

The fire on the plaintiff's land, which adjoined or was closely adjacent to that part of appellant's right of way that was burned, was first observed some three hours after the fire was set on appellant's land. The climatic and other conditions have heretofore been mentioned. In our opinion, under the facts shown, the jury was fully justified in inferring that the fire on the plaintiff's land proximately resulted from the fire originally set by appellant.

■ "Where a cause is shown which might produce a particular injury it may, it is sometimes stated, be presumed, in the absence of evidence to the contrary, that it was the cause of such injury." Alabama Power Co. v. Gladden, 29 Ala.App. 438, 197 So. 374, 376, quoting 45 C.J. 1147. See also 65 C.J.S., Negligence, § 204.

■ It is further the rule that unless the evidence bearing upon the question whether the defendant's negligence was the proximate cause of the injury complained of is entirely free from doubt or adverse influence, that question must be submitted to the jury for decision, under proper instructions by the court. Briggs v. Birmingham Railway, Light & Power Co., 188 Ala. 262, 66 So. 95; Sullivan v. Alabama Power Co., 246 Ala 262, 20 So.2d 224. The question of proximate cause was so submitted to the

jury in this case. See also Jefferson Lumber Co. v. Berry, 247 Ala. 164, 23 So.2d 7, 161 A.L.R. 544; Alabama Great Southern Ry. Co. v. Demoville, 167 Ala. 292, 52 So. 406.

It is our conclusion that the rulings of the lower court in refusing appellant's request for the general affirmative charge, with hypothesis, and in denying appellant's motion for a new trial were free of error. This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.