116 So.2d 922

**J. Max HARRISON**

v.

**Henry L. CARROLL, doing business as**
*Carroll Construction.*
**I Div. 805.**

Supreme Court of Alabama.

Dec. 17, 1959.

———◆———

Donald E. Brutkiewicz, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

MERRILL, Justice.

Appellee Carroll, a building contractor, did some work for J. Max Harrison under an oral contract. Appellee sued Harrison under a common count for money had and received by the defendant for the use of plaintiff.

The evidence indicated that appellant Harrison showed Carroll some work to be done on a building to be occupied by Union Bonding Company. This work amounted to $2,000. During the course of the job, appellant requested Carroll to build a garage for Carl Booth. This was $500. While the work was progressing, appellant introduced one Crolich to Carroll and told him to do certain work inside the building which Crolich would tell him about. Crolich was to be the new tenant and operated Union Bonding Company. When the work was completed, Carroll was paid $2,500 by appellant but was told to look for the $1,742, the cost of the work outlined by Crolich, from Crolich.

At the conclusion of the plaintiff's testimony, appellant made a motion to exclude the evidence. Appellee asked, and was permitted, to amend his complaint. Appellee added a count for work and labor and materials furnished, and one for money due and unpaid. The motion was overruled, the trial proceeded and the jury found in favor of appellee.

Appellant's assignments of error 1, 2, 3, 4, 7 and 8 are concerned with the introduction of two so-called check "stubs." Actually, the papers were the statement or description of the check which was delivered to the payee with the check but which was torn off the check before it was negotiated. These statements showed the date, amount, purpose for which the check was drawn and the fund on which it was drawn. One described a check for $1,500, the other one for $1,000, the amount which plaintiff claimed had been paid to him by defendant.

Plaintiff testified that these statements were given him with the checks by defendant and that he detached the statements from the checks before cashing them.

 The objection to the introduction of the statements was that the check itself was the best evidence of payment. We do not consider the statements as secondary evidence in lieu of the checks. They were attached to the checks and handed to plaintiff by defendant and they were of some probative value, although not secondary evidence of payment, because it would have taken an endorsed and cancelled check for that purpose. The trial court did not err in overruling the objection.

Assignments 5 and 6 charge error in the overruling of defendant's objection to the admission in evidence of an alleged book of accounts on the jobs, which were the basis of the suit. The argument is that the proper predicate was not laid. The testimony was that the book was the original, was kept by and in the custody of the witness (plaintiff), contained the amount and cost of material that went into the jobs, that the entries were the original entries, and that the entries were correct. This was ample predicate for the introduction of the book of accounts under Tit. 7, § 415, Code 1940. All the cases cited by appellant on this point are cases decided before the adoption of the 1940 Code and before § 415 became the law.

The remaining assignments of error which are argued complain of the court's action in permitting the plaintiff to amend his complaint by adding the new counts at the conclusion of his evidence. It is argued that "the amended counts constituted a departure from the original complaint."

Tit. 7, § 239, Code 1940, requires the court to permit the adding of new counts " * * * which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury. * * * "

Here, the added counts related to the same transactions between the same parties, and were not statements of different causes of action. They did not constitute a departure from the original cause of action. Walker v. Graham, 228 Ala. 574, 154 So. 806; Stramler v. Holman, 234 Ala. 36, 173 So. 377, Tit. 7, § 239, Code 1940.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.