COBB, Chief Justice
(dissenting).
I respectfully dissent. For all the discussion of facts and law in the majority opinion, this case simply devolves to the Court’s substituting its opinion of what the evidence showed for the jury’s view, i.e., that Ronny P. Johnson’s testimony as to what occurred, corroborated as it was by other witnesses at the scene of the accident, “is belied by the ... photographic evidence presented by Norfolk Southern.” 75 So.3d at 642. The Court also improperly invades the province of the jury when it proceeds to weigh and to discard the testimony indicating that this photographic evidence did not accurately depict the circumstances of the crossing on the day of the accident. 75 So.3d at 643. Moreover, I believe that the majority’s reliance on Ridgeway v. CSX Transp., Inc., 723 So.2d *648 600 (Ala.1998), is misplaced. In that case, both eyewitnesses testified that the plaintiff did not stop at- the railroad crossing and the plaintiff did not maintain that she did stop; her contention was that she was distracted by a traffic signal beyond the railroad crossing.
In this case, Johnson’s testimony alone constitutes substantial evidence of his compliance with the duty to stop, look, and listen. Deputy Michael Robinson’s testimony tends to support Johnson’s testimony. In fact, the evidence is undisputed that Johnson stopped his fully loaded log truck at the railroad crossbuck at the site of the accident and then eased his truck forward in an attempt to see around the boxcars parked to the south of the crossing on a sidetrack. In addition to Johnson’s testimony that his view of the tracks to the south was obstructed by the boxcars until the nose of his truck was on the tracks, three other witnesses testified that, on the day of the accident, their automobiles, not a much longer tractor-trailer, would have had to have been very close to the rails in order for the driver to see around the boxcars. Conflicting testimony by the school-bus driver and the accident reconstructionist present issues of fact for the jury, as does the dimensional accuracy of the reenactment photographs. Johnson and other witnesses viewing the photographs testified that the photographs did not accurately reflect the situation Johnson faced on the day of the accident.
As this Court has stated many times before:
“ ‘[A] jury verdict is presumed to be correct, and that presumption is strengthened by the trial court’s denial of a motion for a new trial. Cobb v. MacMillan Bloedel, Inc., 604 So.2d 344 (Ala.1992). In reviewing a jury verdict, an appellate court must consider the evidence in the light most favorable to the prevailing party, and it will set aside the verdict only if it is plainly and palpably wrong. Id.’ ”
Line v. Ventura, 88 So.3d 1, 8 (Ala.2009) (quoting Delchamps, Inc. v. Bryant, 738 So.2d 824, 831 (Ala.1999)). Equally well settled is the principle that an appellate court may not substitute itself for the trier of fact — here the jury — on matters of witness credibility.
“In this jurisdiction it is a general rule of law, firmly settled, long maintained and well understood by the legal profession, that within the province of appellate review we are not expected to determine whether or not witnesses are deposing to the truth when they give evidence in the trial of a cause in the nisi prius court. This is a prerogative exclusively for the jury or the trial judge. The reason for this rule is evident.
“... We are confronted with a record in which it is disclosed that one group of witnesses related a state of facts and another group gave an entirely different and contrary description of the same object. This results in an irreconcilable conflict in the evidence, and only the jury was empowered to solve the factual problem. We would do serious violence to the rule by which we are guided if we should assume the province and prerogative of the jury. Mobile & Ohio R. Co. v. Barber, 2 Ala.App. 507, 56 So. 858 [ (1911) ]; Montgomery City Lines v. Hawes, 31 Ala.App. 564, 20 So.2d 536 [ (1944) ]; William E. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94 [ (1940) ]; National Life & Accident Ins. Co. v. Saffold, 225 Ala. 664, 144 So. 816 [ (1932) ]; U.S. Cast Iron Pipe & Foundry Co. v. Granger, 172 Ala. 546, 55 So. 244 [ (1911) ].”
Birmingham Elec. Co. v. Linn, 33 Ala.App. 486, 488-89, 34 So.2d 715, 717 (1948). See also Greater Friendship A.M.E. *649 Church v. Spann, 336 So.2d 1087 (Ala.1976); Ex parte Shoaf, 186 Ala. 394, 64 So. 615 (1914); and Rozell v. Childers, 888 So.2d 1244 (Ala.Civ.App.2004). I do not believe that the reenactment photographs in this case, challenged as to accuracy as they were, are sufficient to overcome this standard or to permit this Court to substitute its view of the evidence for that of the jury’s. Accordingly, I dissent.