(82 South. 557)

### HAMILTON v. STATE. (3 Div. 328.)

(Court of Appeals of Alabama. July 21, 1919.)

1. CRIMINAL LAW ⊕807(1) — TRIAL — INSTRUCTIONS.

In a prosecution for larceny of cheese, the court properly refused, as a mere argument, a charge that if accused was employed by H. and at time he put the cheese on the wagon did so under instruction or direction of a person over him, and did so openly and notoriously, a strong presumption arises that there was no guilty intent to deprive the owner of the use thereof, which must be rebutted by strong and convincing evidence to the contrary before a conviction will be authorized.

2. CRIMINAL LAW ⊕958(3) — NEW TRIAL —NEWLY DISCOVERED EVIDENCE—NECESSITY FOR DILIGENCE.

Accused cannot complain of the denying of a motion for new trial based on newly discovered evidence, where the motion nowhere disclosed that by due diligence the evidence could not have been produced upon the trial.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Joseph Hamilton was convicted of larceny, and he appeals. Affirmed.

The following is charge 8, refused to the defendant:

The court charges the jury that if Joe Hamilton was employed by Hudson & Thompson, or either of them, and that at the time he put the cheese on the wagon he did so under instruction or direction of a person over him, and that he did so openly and notoriously, then a strong presumption arises that there was no guilty intent on his part to appropriate the cheese for his own use, or to deprive the owner of the use thereof, which must be rebutted by strong and convincing evidence to the contrary before a conviction will be authorized.

L. A. Sanderson, of Montgomery, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted of grand larceny, and appeals. No exceptions are reserved to the rulings of the court on the evidence, nor was there exception to the oral charge.

The testimony elicited for the prosecution and for the defense made the case one for the jury. Charge 1, the affirmative charge, was therefore properly refused.

[1] Charge 8, refused to the defendant, was a mere argument, and there was no error in its refusal.

[2] The motion for new trial, based on newly discovered evidence, nowhere discloses that by due diligence this evidence could not have been produced upon the trial. In fact, one of the affidavits discloses that some of this evidence was known to an attorney of one of the defendants prior to the severance and separate trial of this defendant.

The court is of the opinion that the verdict is not so contrary to the evidence as to warrant its interference with the ruling of the court on the motion for new trial. Affirmed.