(101 So. 762)

## GILBREATH v. BAIN. (8 Div. 685.)

(Supreme Court of Alabama. Oct. 30, 1924.)

New trial ⬀102(1)—New trial granted for newly discovered evidence only when due diligence shown.

Movant for new trial, on ground of newly discovered evidence, must show that he used due diligence before trial.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in trover by W. N. Bain against Alex Gilbreath. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Acts·1911, p. 449, § 6. Affirmed.

Joe Starnes, of Guntersville, for appellant.

Counsel argues for error in overruling motion for a new trial, but without citing authorities on the point.

D. Isbell and Claud D. ˙Scruggs, both of Guntersville, for appellee.

No reason is shown why the evidence was not discovered and introduced on original trial. McLeod v. Shelly Co., 108 Ala. 81, 19 So. 326; Knife Co. v. Umberhauer, 107 Ala. 496, 18 So. 175, 54 Am. St. Rep. 114; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Jernigan v. Clark, 134 Ala. 313, 32 So. 686.

GARDNER, J. The only question presented and argued by counsel for appellant on this appeal relates to the action of the trial court in overruling defendant's motion for a new trial, based upon the ground of newly discovered evidence. One of the prerequisites to a favorable consideration of such motion upon this ground is that it be made to appear ·due diligence had been unavailingly used by the movant prior to the trial. McLeod v. Shelly Mfg. Co., 108 Ala. 81, 19 So. 326; Fries v. Acme White Lead, etc., Wks., 201 Ala. 613, 79 So. 45; Thomas v. Johnson, 208 Ala. 701, 94 So. 922.

There is no pretense of surprise, accident, fraud, or mistake, but only newly discovered proof, and upon this question, after due consideration of the record, we are rather impressed that the defendant was "stimulated by the verdict to a point of effort which he ought to have reached, but did not, before the trial." De Sota Coal, etc., Co. v. Hill, 188 Ala. 667, 65 So. 988.

Pretermitting a consideration of other suggested reasons leading to an affirmance of the lower court's ruling, we are persuaded that the denial of the motion may well rest upon a failure on defendant's part to show

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

an exercise of due diligence as to the newly discovered evidence.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.