(107 So. 33)

### KING v. WEST END LUMBER CO.
### (6 Div. 713.)

(Court of Appeals of Alabama. Feb. 2, 1926.)

**New trial ⬅⬅102(3)—Properly refused for want of diligence, where movant corresponding with one witness and could have discovered address of others.**

Motion for new trial on ground of newly discovered evidence *held* properly refused for want of diligence, where moving party was in correspondence with one proposed witness at time of trial and could have obtained addresses of others.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by the West End Lumber Company against S. P. King. Judgment for plaintiff, and defendant appeals. Affirmed.

W. S. Pritchard and J. D. Higgins, both of Birmingham, for appellant.

Where the judgment is clearly contrary to the weight of the evidence, it will be set aside on motion. A motion for new trial upon the ground of newly discovered evidence, coming to light after the trial and after all due diligence has been exhausted before trial, should be granted. Fries v. Acme, etc., Co., 79 So. 45; 201 Ala. 613.

Herbert J. Ward, of Birmingham, for appellee.

---

The case was tried by the court without a jury, and every reasonable presumption will be indulged in favor of the correctness of the rulings of the trial court. Bryan v. Hunnicutt, 76 So. 471; 16 Ala. App. 187; Cobb v. Malone, 9 So. 738, 92 Ala. 630. There was no error in refusing to grant a new trial on ground of newly discovered evidence. A. C. L. v. Jones, 63 So. 693, 9 Ala. App. 499; Prude v. Thompson, 79 So. 21, 201 Ala. 595; Smith v. B. R., L. & P. Co., 41 So. 307;[1] Gilbreath v. Bain, 101 So. 762, 212 Ala. 100.

BRICKEN, P. J. Appellee brought its action of assumpsit, on the common counts, against appellant, King, in the court below, to recover the sum of $200, alleged to be due for certain lumber sold and delivered by plaintiff to defendant, to be used in the erection of a certain house, on a certain lot in Avondale, Jefferson county, Ala., then owned by defendant, subject, however, to foreclosure sale and redemption rights, which, as we gather, from the testimony of the defendant, was then vested in John B. Reid and wife, Ione Reid.

The case proceeded to trial, before the judge of the court below, without a jury, and on the 3d day of October, 1924, the judgment of the lower court was rendered in behalf of the plaintiff and against the defendant for the sum of $218.

A motion for new trial was filed in said cause, based, in the main, upon the ground of newly discovered evidence, competent and material, and which, it was insisted, would probably change the result of the trial of said cause. To the motion for a new trial was attached the affidavits of three persons and the letter of a fourth.

The evidence for the plaintiff tended to show that on or about the 4th day of May, 1923, one John B. Reid gave to the secretary and treasurer of the West End Lumber Company a certain bill of lumber and building material, and asked for an estimate thereon. The plaintiff estimated said bill at $400. The evidence for the plaintiff further tended to show that the said Reid directed the plaintiff to secure the defendant's approval to said bill; that the agent of plaintiff met the defendant and informed him of the estimate, and that the same had been approved by Mr. Reid, and that he was directed to secure the defendant's confirmation of said estimate; that thereupon the defendant said, "Yes; Mr. Reid and I are building a house at that location, and I have $400 set aside for the lumber for that job for the West End Lumber Company; as soon as half of the lumber is delivered we will pay you $200, and the balance when all of the lumber is delivered." The evidence for the plaintiff further tended to show that said lumber was delivered upon said Avondale lot for the job in question.

The evidence for the plaintiff further tended to show that, at the time of the delivery of said lumber, Mr. John B. Reid was building a house on the Avondale lot for the defendant. The evidence for the plaintiff further tended to show that one of the plaintiff's agents, after the delivery of the greater portion of said lumber and building material, went to the defendant, at his office, and asked him for a check to be applied on said lumber account, that the defendant requested this agent to go to one F. C. Sherrod and see him in regard to this payment, which the witness did, and that thereupon Sherrod and the witness returned to the office, and, after some conversation between Mr. Sherrod and the defendant, the plaintiff received a check for $200 on said lumber account.

In this connection it may be noticed that said F. C. Sherrod, who was introduced as a witness for the defendant, testified, among other things, as follows:

"Mr. Reid was building the house on Forest street at the east end of Avondale Park for S. P. King. The man purporting to represent the West End Lumber Company went with me to Mr. King's office, and waited outside in a hall while I went in and talked to Mr. King. When I came out, this man went with me to the bank, where the check for $200 was written and delivered to him."

The defendant denied liability in toto; that he had never given an order for the lumber; that he refused to accept an order therefor; that he did not own the Avondale property until the 12th day of November, 1923; and that said property was the property on which John B. Reid built a house, or started to build a house, for Mrs. Ione Reid, in May or June, 1923. It is to be noticed that the defendant testified that the house in question was being built for Mrs. Ione Reid, while defendant's witness Sherrod testified that said house was being built for the defendant.

Upon the evidence, the tendencies of which are above outlined, the trial court, without a jury, rendered judgment in favor of the plaintiff. In pronouncing this judgment, we think the court was sustained by familiar principles that are controlling upon this court. Bryan v. Hunnicutt, 76 So. 471, 16 Ala App. 187; Southern Railway Co. v. Dickson, 100 So. 665, 211 Ala. 481.

Appellant insists with great earnestness that the trial court erred in overruling the motion for a new trial. It is conceded by appellant that, for the trial court to be put in error upon its refusal to grant a motion for a new trial upon the grounds of newly discovered evidence, such evidence must have been such as that it could not, with reasonable diligence, have been discovered in time to be produced at the trial. This suit was begun on the 10th day of March, 1924, and the summons and complaint were served on the 18th day of March, 1924. On that very

---

[1] Reported in full in the Southern Reporter; not reported in full in 147 Ala. 702.

day, according to the letter of J. B. Reid, the defendant was notified in regard to said Reid and of his willingness to testify to the facts set out in, said letter. The defendant, it seems to us, under' the statements contained in the affidavit of K. T. Mutchler and A. T. Kitchen, could very easily, through a conference with Reid, who at that very time was in correspondence with the defendant, have ascertained the names and addresses of the said Mutchler and Kitchen. The affidavits show that the witness Kitchen had his office at 214½ North Twenty-First street, Birmingham, Ala.; that it was to this office that the defendant S. P. King (appellant) came looking for John B. Reid at the time of the alleged conversation between the defendant and J. C. Anderson, plaintiff's agent. Under this statement of facts it appears to us that the defendant did not exercise the reasonable diligence the law places upon him to discover his testimony and his witnesses. The trial court did not err in overruling the motion for a new trial. Gilbreath v. Bain, 101 So. 762, 212 Ala. 100; Hamilton v. State, 82 So. 557, 17 Ala. App. 109; Smith v. Birmingham Railway Light & Power Co., 41 So. 307, 147 Ala. 702.[1]

We discover no reversible error. The judgment of the lower court must therefore be affirmed.

Affirmed.

[1] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.