(114 So. 130)

## ALDRIDGE v. TULLY PLUMBING & HEATING CO. (6 Div. 860.)

Supreme Court of Alabama. Oct. 13, 1927.

**1. Principal and agent ⬖137(1)—In action on contract, owner could not deny change in plumbing fixture specifications, where change made by employees having apparent authority and not promptly repudiated.**

Where original contract between plaintiff and defendant provided that latter could change specifications of plumbing and heating fixtures former was installing for him and pay or have refunded the price difference, defendant, in action on the contract, *held* estopped to deny that he ordered higher priced fixtures installed, where evidence showed defendant's foreman and his superintendent, having apparent authority, had ordered such changes made and defendant had not raised an objection of lack of authority at time of receiving statements of increased charges.

**2. Principal and agent ⬖194(2)—Substitution by owner's employees of plumbing fixtures to be installed by contractor was not change of contract, where contract provided for altering specifications.**

In an action by a plumber for additional payment on an installation contract because of a change in fixture's specifications, where contract provided that the specifications might be changed and such were changed by the owner's employees, instruction that the employees had no authority to change the terms of the contract did not require the jury to find for defendant, since a change in specifications was not a change of the contract.

**3. Contracts ⬖346(10), 348—Burden was on plaintiff to show amount due in excess of tender, then excess was recoverable, though less than claimed.**

In an action on a contract to recover payment for plumbing and heating fixtures installed, the burden was upon the plaintiff to show an amount due in excess of the amount tendered by the defendant, and such excess was recoverable, although not as large as the amount claimed by the plaintiff in his action.

**4. New trial ⬖102(8)—Party surprised by evidence cannot speculate on favorable result, then urge surprise and newly discovered evidence as new trial ground.**

Party surprised by evidence at trial cannot speculate upon chance of a favorable result and make no remonstrance, then, when result is unfavorable, seek a new trial upon the ground of newly discovered evidence which he did not have at the time of the trial because of such surprise.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by John Tully, doing business as Tully Plumbing & Heating Company, against A. B. Aldridge. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Statement by SOMERVILLE, J.:

Plaintiff sues defendant on the common counts for a balance claimed to be due for plumbing and toilets and heating apparatus furnished and installed by plaintiff.

Plaintiff bid for the job according to the specifications furnished, which included for the residence three "Douglas closets," costing $40 each, and a "Pittsburg heater," costing $171. This bid—$4,050—was accepted, but with the understanding and agreement, according to the weight of the evidence, that defendant might select other fixtures and apparatus than those specified, in which event he would be credited with the values as specified, and charged with the values as substituted, whether greater or less. The fixtures actually put in were three "Croswyn closets," costing $92.50 each, and a "Premier No. 4 heater," costing something over $200. Defendant concedes that he owes a balance of $280.04, which he tendered to plaintiff before suit, and which he has kept good by plea and payment into court. Plaintiff claims a balance of $516.40—the difference of $236.36 being the difference between the cost of the fixtures as specified and as actually installed.

Defendant testified that his contract with plaintiff at $4,050 included the increased price of the Croswyn closets, agreed on at the time; but he conceded that if a different heater than the Pittsburg were selected, it was agreed that it would be charged for according to its cost. He testified that his building superintendent, Holmes, and his foreman, Cooper, had no authority to change any of his agreements with plaintiff as to the materials to go into the building, and that he was not informed that a different heater than the Pittsburg was to be or had been installed.

Plaintiff's evidence tended to show an agreement that defendant was to go ahead and select what closets he wanted, the difference in price to be credited or charged accordingly; that plaintiff and his assistant advised defendant not to use the closets specified; that defendant thereupon went to Crane & Co., dealers, and examined and priced the closets and the heater which were afterwards ordered out and installed; that Holmes and Cooper told plaintiff that defendant wanted the Croswyn closets; and that Holmes gave him instructions to install the Premier heater.

Defendant objected to the admission of what Holmes and Cooper said to plaintiff about the fixtures, on the ground, among others, that they were not shown to have authority to make any change in defendant's contract. The objection was overruled.

Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

In the absence of knowledge of the act, a principal cannot be held to have ratified the unauthorized act of his agent. The burden

---

of proof to show ratification is upon the party asserting it. Rhodes v. Downing, 13 Ala. App. 494, 68 So. 788; Moore v. Ensley, 112 Ala. 228, 20 So. 744. The verdict of the jury was rendered contrary to charge 6, given at defendant's request, and should not stand. Fleming v. L. & R. Co., 148 Ala. 527, 41 So. 683; Wolf v. De Lage, 150 Ala. 445, 43 So. 856. In view of the plea of tender, the burden was upon the plaintiff to satisfy the jury that defendant owed him the amount claimed in the complaint. Syson v. Hieronymus, 127 Ala. 482, 28 So. 967; Southern Ry. Co. v. Slade, 192 Ala. 568, 68 So. 867. The motion for new trial on the ground of newly discovered evidence should have been granted. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

Altman, Taylor & Koenig, of Birmingham, for appellee.

When there is evidence to support plaintiff's cause of action, the question is for the jury, and the affirmative charge is properly refused defendant. Southern States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Allen v. Fincher, 187 Ala. 599, 65 So. 946. The averment of the amount claimed under the videlicet leaves the question of the amount uncertain, and to be determined by the jury from the evidence. Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354. A motion for new trial on the ground of newly discovered evidence must negative fault on the part of the movant in failing to discover before trial. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Smith v. B. R. L. & P. Co., 41 So. 307;[1] Woodward Iron Co. v. Sheehan, 166 Ala. 429, 52 So. 24; K. C., M. & B. v. Phillips, 98 Ala. 159, 13 So. 65.

SOMERVILLE, J. The question of primary importance in this case is whether or not the plaintiff was authorized by the defendant, expressly or impliedly, or upon any principle of estoppel, to install the Croswyn closets and the Premier heater in defendant's home in lieu of the cheaper fixtures originally specified, so as to render defendant liable to plaintiff for the additional cost here sought to be recovered. On this issue defendant requested the general affirmative charge, which was refused; and the insistence is that the issue was improperly submitted to the jury in the absence of any evidence supporting plaintiff's case.

If the question were merely whether the building superintendent, Holmes, or the foreman, Cooper, had authority to change the terms of the original contract between plaintiff and defendant, the answer would clearly be in the negative, as declared by the trial judge in some of the instructions given to the jury, and as well demonstrated in the brief

of defendant's counsel. But that is not the question. The terms of the contract specifying the kinds of fixtures to be installed were tentatively changed by the parties themselves, so that different fixtures were contemplated, to be selected by defendant, and—by necessary implication—to be seasonably made known to plaintiff; and the real questions were whether the added cost, if any, was covered by the original bid of $4,050, or were to be paid for additionally, and also whether the substituted fixtures were selected by defendant actually, or by implication properly deducible from the circumstances and from the conduct of defendant.

[1, 2] It is true there is no evidence directly showing that defendant definitely selected the fixtures, nor any directly showing that he personally informed plaintiff of such a selection, or directed his agents Holmes and Cooper to do so. Yet, assuming the jury's finding, as they might have reasonably found, that defendant had discussed with plaintiff the matter of changing the fixtures, and had been advised of the unfitness or undesirability of those first specified; that he had actually priced the ones installed, and had agreed to make the selections he desired, and impliedly agreed also to seasonably inform plaintiff of these selections, and that he had failed to personally report thereon to plaintiff; that Holmes had, with the apparent authority or approval of defendant, directed and had done by plaintiff additional items of work on the job, which were not included in the original contract, and for which additional charges were made and paid, and that a statement was rendered to defendant after the completion of the job showing that additional charges considerably in excess of the original contract price were being made, to which defendant did not then object—under these circumstances, plaintiff was entitled to assume that defendant had left the communication to be made by his superintendent and foreman who were on the ground in charge of the work, and entitled to rely upon the instructions received from them as emanating from their principal in so far as these fixtures were concerned. The proposition involves, we think, an element of estoppel, and the facts stated are deducible from the testimony of defendant and his several witnesses. No doubt this theory of the case was in the mind of the learned trial judge when he refused to charge the jury affirmatively for defendant, and at the same time, without inconsistency, charged that Holmes and Cooper had no authority to change the terms of defendant's contract. This latter instruction did not—as we have indicated above—require the jury to find for defendant, and hence their failure to do so was not a valid ground for setting aside the verdict as contrary to the instructions given.

[3] The trial court was not in error in refusing to charge at defendant's request that

---

[1] Reported in full in the Southern Reporter; not reported in full in 147 Ala. 702.

"the burden of proof is on the plaintiff to reasonably satisfy you from the evidence in this case that the defendant owes him the amount claimed in the complaint." The charge is misleading in its implication that plaintiff could not recover anything unless he proved that the entire amount claimed was due. This, of course, is not the law. Under the pleadings, the burden was on plaintiff to show an amount due in excess of defendant's tender, but any such amount was recoverable though less than the amount claimed.

The chief ground urged in support of defendant's motion for a new trial was the discovery of new evidence, viz., that his superintendent Holmes would testify that he had no authority to make any contract with plaintiff; that he was not authorized to make any change in the type of closets or heater to be used in the building; that at no time did he have any conversation about them with plaintiff or his superintendent Staley; and that he did not tell them that he was authorized by defendant to direct any such changes. Defendant's insistence is that he was surprised by the testimony of plaintiff and Staley that Holmes directed the use of the substituted fixtures, and that he could not have anticipated such a claim, nor what Holmes would say about it.

[4] Even if it be conceded that the alleged newly discovered evidence was of such nature and effect, and its late discovery so free from negligence, as to meet the requirements of the law in those respects, yet as defendant, in the face of the adverse testimony, made no complaint of the surprise during the trial, and made no motion for a continuance or postponement, but was content to speculate upon the chance of a favorable result on the evidence as it stood, "he was in no position, after the case was decided against him, to ask for a new trial on the ground of such alleged surprise." Simpson v. Golden, 114 Ala. 336, 21 So. 990; L. & N. R. Co. v. Abernathy, 192 Ala. 629, 637, 69 So. 57. The trial court was not in error, therefore, in overruling the motion for a new trial.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.