(127 So. 818)

### FULWIDER v. JACOB.

2 Div. 961.

Supreme Court of Alabama.

April 17, 1930.

S. F. Hobbs, of Selma, for appellant.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellee.

SAYRE, J.

Plaintiff's case was that, riding a motorcycle along the highway and in the act of passing defendant's truck, moving in the same direction, the truck was abruptly and without warning turned to the left, thereby coming into collision with plaintiff's motorcycle and causing the injuries of which he complained. Defendant's denial was that the driver of his truck had no occasion to turn to the left at that point, did not turn to the left, and had no knowledge of plaintiff's proximity until he heard and felt the contact between the two machines. The issue between the parties was clearly one of fact for jury decision. After a verdict for defendant, plaintiff's motion for a new trial, on the ground of newly discovered evidence, was overruled, and this ruling alone is assigned for error.

■■ Section 9518 of the Code of 1923 represents an effort to codify the case law on the subject of new trials. It is still the law, as it was before this attempt at codification, that, generally speaking, parties are entitled to a new trial on the ground of newly discovered evidence only when they have shown diligence in their effort to prepare their cases for trial and the new evidence is not merely cumulative of the evidence offered at the trial. Twelve columns of cases are cited to this general proposition in 46 C. J. p. 273, § 242, which we cite without further detail. Public policy and the interest of litigants in general require that cases, once fairly tried, shall not be reopened save upon convincing grounds going to show that injustice has been done. When such a case is made to appear, the interest of justice requires that the court should exercise its inherent power by granting a new trial. 46 C. J. p. 416, § 472, notes 81–84.

■ We think appellant, plaintiff, must be acquitted of any lack of diligence save in one respect only: Plaintiff, according to the showing made on his motion—and his allegation of facts, so far as concerned his antecedent diligence, was not put in issue—was unusually diligent in his effort to locate two witnesses whose presence on or near the scene of the accident was learned by him shortly before the trial, but was successful in that effort only on the evening before the trial. An affidavit by one of them was offered on the motion for a new trial and went to corroborate the testimony of plaintiff to the effect that defendant's truck had turned sharply to the left, thereby causing his injury. But plaintiff, informed, when his case was called, of the fact that two witnesses, not served with

126

process of subpœna, had probably seen the accident, and presuming, as he had a right to presume if he was confident of the merit of his case, that they would corroborate his version of the occurrence, elected to go to trial without an effort to defer for so much as a day or two until he could procure the witnesses who lived less than fifty miles away. By the consequences of that election he must be bound as matter of general policy in the administration of justice, for, otherwise, every party might be tempted to speculate on results with the expectation of a second chance in the event of a distrustful jury. The trial judge knew the case better than we can, and we are unable to say, on the record before us, that he exercised his judgment and discretion unwisely.

Moreover, considering the record and the argument for defendant based upon it, we are led to infer that photographs of the location and of the scars left upon defendant's truck by the impact of plaintiff's motorcycle would shed desirable light upon the manner of the accident. These photographs, placed in evidence in the trial court, are not produced here. We feel that we are not in possession of the whole case as it appeared to the jury. These photographs are mentioned in the bill of exceptions as Exhibits A and B, but they do not appear in the record, nor have they been transmitted to this court. We will not be understood as holding that the production here of every photograph used in a trial is necessary to a review of every case as upon the whole evidence, but only that, in this case, the photographs in question would probably contribute something to an understanding of the court's ruling on the motion.

Upon the whole case we are inclined to think that plaintiff has indulged in some speculation as to results both in this and the trial court, but, apart from that possible feature of the case, this court is unable to affirm with any confidence that the trial court should have used its discretion otherwise than it did when it overruled plaintiff's motion for a new trial.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.