18 So.2d 282

**DAVIS v. STATE.**

4 Div. 324.

Supreme Court of Alabama.

June 1, 1944.

Archie I. Grubb, of Eufaula, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

The appeal is from a judgment of conviction for murder in the first degree, with infliction of the death penalty. The defendant is a Negro sawmill hand, and the deceased, Lee Beverly, a white man, on whose farm in the country defendant lived with his family as tenant in one of the houses on the place. The killing occurred late in the evening (about 6 p. m.) of September 20, 1941, when defendant cut deceased with a pocketknife under the left arm pit. There was no extensive bleeding, but the knife entered the chest cavity and produced death. It was not a stab wound, but a deep cut, or a combination of the two, so the attending physician states.

Undisputedly, there had been no controversy of any character between defendant and Beverly, the deceased. Their relations were entirely harmonious, so far as here appears. But there were some words between defendant and one Bab, another white man, there at the farm near a pecan tree, growing out of the charge by Bab that defendant's four-year-old child had made some remark to Bab's child which was considered objectionable. The only eyewitness to the killing examined by the State was Mrs. Beverly, the widow.

Defendant left the scene, and was afterwards apprehended in Ohio, brought back to Alabama, and arraigned on July 27, 1943,

with his trial beginning August 4, 1943. Upon the order of the trial judge, based on an affidavit of the sheriff of the county, defendant was incarcerated in the Montgomery County jail until his trial, the sheriff appearing to have some apprehension concerning his safety if carried into Bullock County at that time. He was defended by counsel appointed by the court, and this appeal appears to be governed by the provisions of the act of June 24, 1943, which provides for an automatic appeal for a convicted felon sentenced to death, pursuant to the laws of this State. General Acts 1943, p. 217.

Subsequent to his conviction defendant, or some one for him, employed counsel who interposed a motion for a new trial based upon numerous grounds, among them, that the verdict was contrary to the great preponderance of the evidence, and for newly discovered evidence. This newly discovered evidence was the testimony of Bab, the white man with whom defendant had the quarrel on the occasion of this difficulty, and who was slightly wounded by defendant with the same pocketknife which he used on Beverly. Bab was summoned as a witness for the State upon the original trial, was present at the trial, talked with the solicitor, but was not examined. The testimony of the appointed counsel is to the effect that he was informed by others, though he did not interview Bab, that Bab's testimony would be no more favorable for his client than was that of Mrs. Beverly. It developed, however, upon the hearing had on the motion for a new trial, at which Bab orally testified, that his evidence would in several material respects be much more favorable to the defendant than that of Mrs. Beverly.

■ Of course, the authorities are uniformly to the effect that it is not essential that newly discovered proof would likely have produced an acquittal. It suffices if it would, in all probability, raise a reasonable doubt as to the guilt of the defendant within the degree of culpability of which the jury finds him guilty. 39 Am. Jur. p. 173. A study of Bab's testimony discloses that it was material, competent, not merely impeaching or cumulative, and in this respect meets the requirements of the established rule concerning motions for new trial based upon newly discovered evidence. Williams v. State, ante, p. 32, 15 So.2d 572; Fulwider v. Jacob, 221 Ala. 124, 127 So. 818.

■ But our authorities disclose that this Court, in keeping with the courts generally throughout the country, has rigidly enforced the rule that, as a prerequisite for a new trial on newly discovered evidence, the defendant must not be at fault; that is, he must show due diligence. Williams v. State; Fulwider v. Jacob, supra. Of course, the expression "due diligence" is a relative term, and is to be resolved in view of the circumstances of each particular case. 39 Am.Jur. p. 168.

■ The writer was impressed, upon original consideration of this cause, that, under all the circumstances, the rule of due diligence had been met. But in consultation his Associates were unwilling to so hold. The writer has, therefore, acquiesced in this view; and this leaves for consideration the ground of the motion for a new trial rested upon the theory that the verdict was contrary to the great preponderance of the evidence.

Considering the testimony on the original trial, it appears undisputedly that defendant's quarrel was with Bab, and there was no controversy with Beverly whatever and no words passed between them. As we have observed, so far as this record discloses, defendant and Beverly were on entirely good terms. From what angle Beverly struck defendant on the head—whether from the side or the rear—the testimony is not clear. But it is clear enough that the blow by Beverly was sudden and unexpected, and must have taken the defendant completely by surprise. And it was immediately upon receiving this blow that defendant "turned around"—to use Mrs. Beverly's language—and in turning knocked Beverly down, and then cut him under the left arm pit, as previously indicated. Mrs. Beverly further testified defendant "appeared to be drinking."

■ The following authorities suffice to demonstrate the rule that the infliction of a sudden and unexpected blow, particularly from an unexpected source, and from one with whom the slayer has no quarrel, is to be considered by the jury and given due weight in determining the degree of homicide of which the defendant should be found guilty, and the degree of culpability of his guilt. Reeves v. State, 186 Ala. 14, 65 So. 160; Roberson v. State, 217 Ala. 696, 117 So. 412; Vaughan v. State, 201 Ala. 472, 78 So. 378; Holmes v. State, 88 Ala. 26, 7 So. 193, 16 Am.St.Rep. 17. See also 26 Am.Jur. pp. 167–177.

Considering, therefore, the undisputed proof, we are persuaded the jury failed to give due consideration to this feature of defendant's case. We are at the conclusion, therefore, the trial court should have granted a new trial, based upon the ground that the verdict was contrary to the great preponderance of the evidence. The judgment of conviction is, therefore, to be reversed and the cause remanded for further proceedings in the court below.

Reversed and remanded.

THOMAS, BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.