34 So.2d 715

**BIRMINGHAM ELECTRIC CO. v. LINN.**

6 Div. 527.

Court of Appeals of Alabama.

March 16, 1948.

Rehearing Denied April 6, 1948.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

**CARR, Judge.**

The plaintiff recovered a judgment in the court below for personal injuries.

Without dispute in the evidence she was a pasenger on defendant's street car and while disembarking therefrom she fell.

The prime controverted factual issue is centered around the inquiry of whether or not the floor or tread portion of the step which was used for passenger alighting was in a defective condition.

The only question presented for our review by assignments of error is the action of the trial court in denying appellant's motion for a new trial. The grounds thereof upon which insistence is made are newly discovered evidence and that the verdict was against the great preponderance of the evidence.

Appellate courts look with disfavor and discountenance on motions for a new trial upon the former ground. In such cases the enlightened discretion of the trial court is given consideration, and his judgment will not be disturbed on appeal unless it is clearly and convincingly shown that his discretion was abused. Hodge v. State, 32 Ala.App. 283, 26 So.2d 274.

"In order to warrant the granting of a new trial on the ground of newly discovered evidence, it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; (5) that it is not merely cumulative, or impeaching." 20 R.C.L., Sec. 72, p. 290. See also, Morris v. State, 25 Ala.App. 156, 142 So. 592; Hodge v. State, supra.

We entertain the view that in the instant case there was a failure to meet the requirements of condition number (3), supra. We will, therefore, pretermit a decision on the sufficiency vel non of any of the others indicated.

The trial below proceeded throughout and to its conclusion without any suggestion on the part of the defendant of surprise. There were no legal steps taken or requests made to assure the attendance of additional witnesses. No motion was made for a continuance of the trial, nor was it at any time made known to the court that it was desired that others be summoned to give testimony.

The grounds of the motion are predicated on the alleged newly discovered evidence of eleven different persons, each of whom was at the time employed by the defendant.

The only evidence introduced on the hearing of the motion was the affidavit of each of said parties. The evidence thus presented related in the main to the condition of the street car step and tended to establish that it was not in a defective condition, as the appellee contended.

This insistence is stated in appellant's brief: "In connection with this assignment of error, we wish to invite the Court's attention to the fact that the plaintiff stated in her answers to the defendant's interrogatories as follows: 'As I attempted to disembark from the street car, I caught my heel in some defect in the step.' This being the only information that was furnished by the plaintiff, in advance of the trial, as to how she received her injuries, it is easy to understand why the defendant did not have available at the trial the new evidence shown by the affidavits which were received in evidence on the hearing of the motion for a new trial."

The above quoted answer was in reply to this inquiry: "State in detail how you received your alleged injuries." If the interrogator was not satisfied with the response and entertained the view that a more detailed description should have been given, recourse could have been had to a motion to require the injured party to make answer more fully. This aside, it appears evident that the answer apprised the appellant that

it was the contention of appellee that a defective step caused her fall.

We will not labor this opinion with a further discussion of this matter. We are clear to the conclusion that the movant has not carried the burden of showing due diligence. The following authorities support our view: Fulwider v. Jacob, 221 Ala. 124, 127 So. 818; Gilbreath v. Bain, 212 Ala. 100, 101 So. 762; Davis v. State, 245 Ala. 589, 18 So.2d 282; Dawsey et al. v. Newton, 244 Ala. 661, 15 So.2d 271; Slaughter v. State, 237 Ala. 26, 185 So. 373; McLeod v. Shelby Mfg. & Imp. Co., 108 Ala. 81, 19 So. 326; Girardino v. Birmingham So. R. Co., 179 Ala. 420, 60 So. 871; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; King v. West End Lumber Co., 21 Ala.App. 242, 107 So. 33; National Life & Accident Ins. Co. v. Curtin, ante, p. 50, 29 So.2d 577.

We come now to consider the other ground upon which insistence is made.

As we indicated above, the appellee claimed that her fall and resultant injuries were due to a defective alighting step. In addition to her own testimony, she introduced that of two other witnesses in support of this contention. The effect and purport of this evidence were that the back portion of the floor space of the step was constructed of wood material; that there was a hole or broken place in this part; that appellee caught the heel of her shoe in this hole and fell by reason of this fact.

Appellant tendered the testimony of four witnesses, including the motorman in charge of the street car at the time. Three of these gave evidence to the effect that there was no defective condition on the floor of the step, but on the contrary the entire space was covered with metal. The other witness did not appear to have any knowledge of the situation one way or the other.

In addition to the above, a photograph was taken of the entrance portion of a street car which the testimony tended to show was the one involved in the injury to the plaintiff. It is before us, and it shows that the floor space of the step in question is entirely covered with what appears to be a corrugated metal.

As to the time the picture was taken, we quote from the record testimony of the photographer:

"Q. (By Mr. Higgins:) When did you take that picture, Mr. Hunt? A. Sometime last year, I think.

"Q. What date was it? A. I couldn't give you the date. I don't have it with me. And I don't have anything here on the picture. I think it was sometime along about the middle of the year.

"Q. You just went out and took the picture, you mean? A. Yes, sir.

"Q. You don't know whether or not the street car company had repaired it or fixed it up, do you? A. No, sir."

An inspector of the appellant company also testified. He stated in substance that the photograph correctly depicted the condition of the step when he saw it six days before the accident.

It appears that we have sufficiently delineated the tendencies of the evidence on this point to illustrate our treatment of the matter at hand.

In the course of the history of judicial decisions in this State *many* cases have found their way into our appellate courts in which this question was presented and decided. It would be a useless undertaking to attempt to find one of these that bears evidence in exact counterpart to the case at bar. For this reason resort must be had to well defined and applicable rules which we must take as guides.

In this jurisdiction it is a general rule of law, firmly settled, long maintained and well understood by the legal profession, that within the province of appellate review we are not expected to determine whether or not witnesses are deposing to the truth when they give evidence in the trial of a cause in the nisi prius court. This is a prerogative exclusively for the jury or the trial judge. The reason for this rule is evident.

Consonant with the view we have expressed in deciding the matter with reference to the newly discovered evidence, we are only privileged here to consider the testimony of the witnesses who testified at the trial in chief. We are confronted with

a record in which it is disclosed that one group of witnesses related a state of facts and another group gave an entirely different and contrary description of the same object. This results in an irreconcilable conflict in the evidence, and only the jury was empowered to solve the factual problem. We would do serious violence to the rule by which we are guided if we should assume the province and prerogative of the jury. Mobile & Ohio R. Co. v. Barber, 2 Ala.App. 507, 56 So. 858; Montgomery City Lines v. Hawes, 31 Ala.App. 564, 20 So.2d 536; William E. Harden, Inc., v. Harden, 29 Ala. App. 411, 197 So. 94; National Life & Accident Ins. Co. v. Saffold, 225 Ala. 664, 144 So. 816; U. S. Cast Iron Pipe & Foundry Co. v. Granger, 172 Ala. 546, 55 So. 244.

The cause below was tried with evident care. The experienced trial judge submitted the issues to the jury fairly and comprehensively. After verdict he refused to disturb this finding. It is our considered opinion that we should affirm this judgment. It is so ordered.

Affirmed.