BRADLEY, Judge.
Employee appeals from an order of the Mobile County Circuit Court, affirming the Mobile County Personnel Board’s decree in terminating his employment with the Mobile County Personnel Department.
Employee, Carnell Davis, was formerly employed as a personnel analyst in the Mobile County Personnel Department. He was dismissed on September 1,1982, pursuant to 1939 Local Acts of Alabama, No. 470, by written notice containing several reasons for his dismissal. The reasons given for his dismissal included his unbecoming conduct, uncooperative attitude, disloyalty to the department, inability to work with other departmental employees, and his hostility toward certain members of the county personnel board.
Mr. Davis appealed this dismissal to the county personnel board, which held a hearing on the matter. The board affirmed Mr. Davis’s dismissal, and he subsequently appealed this ruling to the circuit court. The trial court affirmed the decision of the personnel board. Mr. Davis then filed a motion for new trial or, in the alternative, for reconsideration. This motion was denied and Mr. Davis appeals to this court.
The standard of review to be applied by the circuit court to the Mobile County Personnel Board’s order is whether the board’s judgment is supported by substantial legal evidence. Grant v. City of Mobile, 50 Ala.App. 684, 282 So.2d 285 (Ala.Civ.App.), cert. denied, 291 Ala. 458, 282 So.2d 291 (1973). Mr. Davis contends *1152 on appeal that the personnel board’s order upholding his dismissal was not supported by substantial evidence. We disagree.
The personnel board heard testimony from eleven witnesses. Several of these witnesses testified that Mr. Davis failed to follow specific instructions at work and often openly criticized other department employees. Christine Robinson, a clerk at the personnel department, stated that Mr. Davis frequently intimidated her and cursed her. Mr. Winsor, chief personnel analyst at the department, rated Mr. Davis’s work performance as “needing considerable room for improvement.” Mr. Davis became hostile toward Mr. Winsor after this report and toward several members of the personnel board. He also refused to follow departmental policy concerning the use of the “tickler system,” a program designed to provide qualified job applicants with job information. Mr. Richardson, personnel director of the department, advised Mr. Davis concerning his behavior, but his attempts to discipline Mr. Davis failed.
The personnel board’s order contained a substantial amount of testimony concerning Mr. Davis's disruptive behavior at work. The board carefully reviewed the accusations made at the hearing and concluded that Mr. Davis was unfit for public employment and was justifiably dismissed. In view of the above findings, we conclude that the board’s judgment was supported by substantial evidence.
Mr. Davis moved the trial court to remand the case to the personnel board for a rehearing on the ground of newly discovered evidence. The motion was denied and the trial court affirmed the personnel board’s decree. Subsequently, Mr. Davis moved the trial court for a new trial or, in the alternative, for reconsideration on the same ground. The motion was denied and Mr. Davis appeals to this court. Mr. Davis urges on appeal that his request for another hearing by the personnel board should have been granted because of newly discovered evidence. We disagree.
The grant or denial of a motion for a new trial on the ground of newly discovered evidence is in the trial court’s discretion, and its decision will not be reversed on appeal unless it appears that the trial court abused its discretion. Jasper Community Hospital v. Hyde, 397 So.2d 153 (Ala.Civ.App.1981). In order for a motion for a new trial on the ground of newly discovered evidence to be granted, the petitioner must show: (1) that the new evidence will probably change the result if a new trial is granted; (2) that the evidence was discovered after trial; (3) that the evidence could not have been discovered before the trial by the exercise of due diligence; (4) the evidence must be material, and not merely cumulative or impeaching. Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131 (1960). We find that Mr. Davis failed to prove these elements.
At the personnel board hearing Christine Robinson testified that she heard Mr. Davis tell Miss Nobles that all a law enforcement officer needed to know was how to shoot people. Mr. Richardson testified that Senator Michael Figures told him that Mr. Davis confessed to all the accusations made against him. Mr. Davis insists that he was surprised by Mr. Richardson’s and Ms. Robinson’s testimony because he did not expect them to comment about his conversations with other people. He asserts that he thereafter diligently sought to secure evidence that would refute this testimony but was unable to do so until after the hearing. The newly discovered evidence consists of an affidavit from Miss Nobles, written after the hearing, denying that Mr. Davis had made any such remarks to her about police officers. Also, Senator Figures denied his conversation with Mr. Richardson.
We are not convinced that Mr. Davis exercised due diligence in obtaining the so-called newly discovered evidence. The hearing before the board concluded without any suggestion of surprise by Mr. Davis. He did not request a continuance, nor indi *1153 cate that he wished to delay the hearing so that he could summon additional witnesses to rebut Ms. Robinson’s and Mr. Richardson’s testimony. Mr. Davis had ample opportunity to cross-examine the adverse witnesses and offer rebuttal witnesses in order to discover the truth of these allegations. He failed to do so, and he cannot now urge surprise and newly discovered evidence as grounds for a.new trial. See Aldridge v. Tully Plumbing & Heating Co., 216 Ala. 567, 114 So. 130 (1927). We conclude that Mr. Davis failed to prove that he exercised due diligence in attempting to obtain this new evidence. See Birmingham Electric Co. v. Linn, 33 Ala.App. 486, 34 So.2d 715 (1948).
Moreover, our courts have stated that a new trial should not be granted on the basis of newly discovered evidence unless this evidence would probably change the verdict. See, e.g., Morris v. Yancey, 272 Ala. 549, 132 So.2d 754 (1961).
The personnel board thoroughly reviewed in its order its reasons for affirming Mr. Davis’s dismissal. The board clearly did not place any emphasis on the above disputed testimony in determining that Mr. Davis was unfit for employment with the personnel department. We are therefore convinced that the so-called new evidence would not have changed the result in this case.
We conclude, therefore, that the trial court did not abuse its discretion in refusing to grant Mr. Davis’s request for a new hearing before the personnel board based on newly discovered evidence. We further find that the board’s order terminating Mr. Davis’s employment was supported by substantial evidence.
Accordingly, we affirm the order of the trial court upholding the personnel board’s dismissal of Mr. Davis.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J„ concur.