The original submission of this appeal was set aside and the cause remanded for the trial court to determine whether any further action was necessary. Williams v. State, 580 So.2d 71
(Ala.Cr.App. 1991). On remand, the trial court entered the following order:
 "Having reviewed and considered the Order of Remand from the Court of Criminal Appeals, it is determined and ordered as follows:
 "1. This cause was tried by the Honorable Charles A. Thigpen who is presently serving on the Court of Civil Appeals.
 "2. Review of the court file indicates that no further action is necessary or warranted in this cause in that the issue relating to the jury commission was not properly presented to the trial judge.
 "3. The Order entered in the case of the State v. Gates, Wilcox County Circuit Court Case No. CC-89-92, was entered on April 4, 1990.
 "4. The matters addressed in the State v. Gates Order were known to the attorney for the defendant prior to the trial of this cause [July 9, 1989]."
In his brief on appeal, the appellant states:
 "Defendant was sentenced June 13, 1990. Subsequent to defendant's sentencing and in an unrelated matter, it was judicially determined that the jury venires in Wilcox county were selected in an unconstitutional manner. On June 22, 1990, defendant filed a motion for a new trial. One of the grounds alleged in the motion for new trial (CR-207) was:
 " 'That the jury box, out of which defendant's venire was selected for the trial of his case on December 7, 1989, has subsequently been declared to be invalid and indictments resulting from said jury box have since been quashed.'
 "The trial court overruled the motion on June 29, 1990 without an evidentiary hearing."
Appellant's brief at p. 1.
 "[O]bjections going to the venire of the petit jury or any member thereof, must be made before entering upon the trial of the case on its merits under the defendant's plea of not guilty, and a failure to *Page 73 
make such objections constitutes a waiver. Peterson v. State, 227 Ala. 361, 150 So. 156
[1933]. This rule has its exceptions as when the defendant is misled by the false oath and fraud of a venireman, and thereby induced to accept such venireman on the jury. 20 R.C.L. 242, § 27.
 "It is not permissible for the defendant, who has not been so misled, to participate in the selection of the jury without objections, speculate on winning a favorable verdict, and failing to do so, allow him to raise such questions on a motion for new trial. Simpson v. Golden, 114 Ala. 336, 21 So. 990 [1897]; Hoskins v. Hight, 95 Ala. 284, 11 So. 253 [1892]; Barron v. Robinson, et al., 98 Ala. 351, 13 So. 476 [1893]; Fulwider v. Jacob, 221 Ala. 124, 127 So. 818
[1930]."
Vernon v. State, 239 Ala. 593, 598, 196 So. 96, 99 (1940), reversed on other grounds, 313 U.S. 547, 61 S.Ct. 1092,85 L.Ed. 1513 (1941), quoted in Bell v. State, 252 Ala. 686, 692,42 So.2d 626, 631-32 (1949), cert. denied, 339 U.S. 929,70 S.Ct. 625, 94 L.Ed. 1350 (1950).
The appellant's convictions for first degree sodomy and first degree sexual abuse are affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.